UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNETTE GARAGHTY and MICHAEL GARAGHTY, *Plaintiffs*, <br><br> v. <br><br> WÜSTHOF-TRIDENT OF AMERICA, INC. et al., *Defendants*. | No. 3:21-cv-0095 (VAB) |

**RULING AND ORDER ON MOTIONS**

Annette and Michael Garaghty (together, the "Plaintiffs") have sued Wüsthof-Trident of America, Inc., Wüsthof USA, Inc., Viola Wüsthof, and Harald Wüsthof (together, the "Defendants") under, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*; and Connecticut common law. *See* Third Am. Compl., ECF No. 28 (July 21, 2021) ("Third Am. Compl.").

Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof have moved to dismiss, or, in the alternative, to stay the proceedings under the *Colorado River* abstention doctrine pending resolution of a related matter in Connecticut superior court,[1] *Annette Garaghty and Michael Garaghty v. Harald Wüsthof, Wüsthof USA, Inc., and Wüsthof-Trident of America, Inc.*, No. FST-CV20-6048500-S (Conn. Super. Ct. filed Sept. 18, 2020) ("Superior Court

---

[1] Viola Wüsthof has not joined this motion. *See* Mot. to Dismiss or Stay Litigation Pending Resolution of Parallel State Court Proceedings at 1, ECF No. 29 (Aug. 4, 2021).

1

Action").[2] *See* Mot. to Dismiss or Stay Litigation Pending Resolution of Parallel State Court Proceedings, ECF No. 29 (Aug. 4, 2021) ("Mot. to Dismiss or Stay").

Viola Wüsthof has moved for partial dismissal of claims against her individually under CUTPA and common law tortious interference with contract and business relations. *See* Rule 12(b)(6) Mot. to Dismiss, ECF No. 30 (Aug. 4, 2021) ("Viola Wüsthof Mot. to Dismiss").

For the reasons explained below, the motion to dismiss, or, in the alternative, to stay the proceedings under the *Colorado River* abstention doctrine pending resolution of a parallel state court matter is **DENIED**.

The motion to dismiss Plaintiffs' CUTPA and tortious interference claims also is **DENIED**. The Court dismisses this motion without prejudice to renewal, following resolution of a pending motion to dismiss on these same legal theories in the Superior Court Action.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2020, Plaintiffs filed an action in Connecticut state court, the Judicial District of Stamford/Norwalk against Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.*; CUTPA; Connecticut Equal Pay Laws, Conn. Gen. Stat. §§ 31-75, 31-40z; and state common law.[3] *See* Superior Court Action; *see also* Ex. B to Mot. to Dismiss or Stay Litigation Pending Resolution of Parallel State Court Proceedings, ECF No. 14-3 (Mar. 31, 2021) (complaint in Superior Court Action). In that state court action, the Plaintiffs brought the following common law claims: wrongful discharge, breach of contract, fraud, unpaid wages,

---

[2] The Court takes judicial notice of this Superior Court Action and filings therein. *See Cupe v. Lantz*, 470 F. Supp. 2d 128, 133 n.1 (D. Conn. 2007) (citing *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings[.]")).

[3] Viola Wüsthof has been removed as a plaintiff in the Superior Court Action. *See* Withdrawal of Action Against Particular Def., No. 107.00, *Annette Garaghty and Michael Garaghty v. Harald Wüsthof, Wüsthof USA, Inc., and Wüsthof-Trident of America, Inc.*, No. FST-CV20-6048500-S (Conn. Super. Ct. Jan. 5, 2021).

breach of implied contract, breach of the duty of good faith and fair dealing, and tortious interference with contract and business relations. *Id.*

On January 20, 2021, Mr. and Ms. Garaghty filed this action in federal court alleging state law claims under the same statutes and common law doctrines as in the Superior Court Action, in addition to federal law claims under Title VII; the Equal Pay Act, 29 U.S.C. §§ 206(d)(1), 215(a)(3); and the equal protection provisions of 42 U.S.C. § 1981. *See* Compl., ECF No. 1 (Jan. 20, 2021).

On January 22, 2021, Mr. and Ms. Garaghty filed an Amended Complaint. *See* Am. Compl., ECF No. 7 (Jan. 22, 2021).

On February 7, 2021, Mr. and Ms. Garaghty filed a Second Amended Complaint. *See* Second Am. Compl., ECF No. 8 (Feb. 7, 2021).

On March 31, 2021, Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof filed a motion to dismiss the Second Amended Complaint or, in the alternative, to stay the litigation pending resolution of the Superior Court Action under the *Colorado River* abstention doctrine. *See* Mot. to Dismiss or Stay Litigation Pending Resolution of Parallel State Court Proceedings, ECF No. 14 (Mar. 31, 2021) ("First Motion to Dismiss or Stay"). Ms. Wüsthof did not join the motion. *Id.* at 1.

On June 22, 2021, Plaintiffs filed a memorandum in opposition to the motion to dismiss or stay. *See* Pls.' Opp'n to the Def. Mot. to Dismiss or Stay, ECF No. 17 (Apr. 28, 2021).

On June 22, 2021, Ms. Wüsthof, joined by Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof,[4] filed a partial motion to dismiss the claims under 42 U.S.C.

---

[4] Defendants Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof joined the partial motion to dismiss as to the request for dismissal of claims under § 1981 and Title VII against them. *See* Rule 12(b)(6) Mot. to Dismiss at 1, ECF No. 21 (June 22, 2021); Mem. of Law in Supp. of Rule 12(b)(6) Mot. to Dismiss at 5–12, ECF No. 21-1 (June 22, 2021).

§ 1981; CUTPA; common law tortious interference with contract and business relations; and Title VII as to Viola Wüsthof and Harald Wüsthof individually. *See* Rule 12(b)(6) Mot. to Dismiss, ECF No. 21 (June 22, 2021) ("First Mot. for Partial Dismissal").

In response, on July 20, 2021, Mr. and Ms. Garaghty filed a stipulation of partial withdrawal of counts, with prejudice, under: (1) 42 U.S.C. § 1981 and (2) Title VII, as to individual Defendants Viola and Harald Wüsthof only. Stip. of Partial Withdrawal of Counts, ECF No. 25 (July 20, 2021).[5]

On the same day, Mr. and Ms. Garaghty filed a memorandum in opposition to Defendants' motion to dismiss the CUTPA and tortious interference claims against Ms. Wüsthof individually. Opp'n to Defs.' Rule 12(b)(6) Mot. to Dismiss, ECF No. 26 (July 20, 2021).

The following day, on July 21, 2021, Mr. and Ms. Garaghty filed a Third Amended Complaint.[6] Third Am. Compl. This Third Amended Complaint includes a claim by Ms. Garaghty against all Defendants under the Equal Pay Act ("Count I"); a wrongful discharge claim by Ms. Garaghty against Viola Wüsthof under state common law ("Count II"); a breach of contract claim by Ms. Garaghty against Viola Wüsthof under state common law ("Count III"); a fraud claim by Ms. Garaghty against Viola Wüsthof under state common law ("Count IV"); a CUTPA claim by Ms. Garaghty against Viola Wüsthof ("Count V"); an unpaid wages claim by Ms. Garaghty against Viola Wüsthof under state common law ("Count VI"); a breach of implied contract claim by Ms. Garaghty against Viola Wüsthof under state common law ("Count VII"); a gender discrimination claim under Title VII by Ms. Garaghty against Wüsthof USA, Inc. and

---

[5] Following this stipulation of dismissal, the only remaining federal claims included: (1) a Title VII claim against corporate entities Wüsthof USA, Inc. and Wüsthof-Trident of America, Inc.; and (2) the Equal Pay Act, 29 U.S.C. §§ 206(d)(1), 215(a)(3). *See* Stip. of Partial Withdrawal of Counts, ECF No. 25 (July 20, 2021).

[6] In light of the filing of the Third Amended Complaint, *see* Third. Am. Compl., the First Motion to Dismiss or Stay, ECF No. 14, and the First Motion for Partial Dismissal, ECF No. 21, will be denied as moot.

Wüsthof-Trident of America, Inc. ("Count VIII"); a retaliation claim under Title VII by Mr. and Ms. Garaghty against Wüsthof USA, Inc. and Wüsthof-Trident of America, Inc. ("Count IX"); a breach of the duty of good faith and fair dealing claim by Ms. Garaghty against Viola Wüsthof under state common law ("Count X"); a tortious interference with contract and business relations claim by Ms. Garaghty against Ms. Wüsthof under state common law ("Count XI"); a second tortious interference with contract and business relations claim by Ms. Garaghty against Ms. Wüsthof under state common law ("Count XII"); a Connecticut Equal Pay Laws claim by Ms. Garaghty against Ms. Wüsthof ("Count XIII"); a second Connecticut Equal Pay Laws claim by Ms. Garaghty against Ms. Wüsthof ("Count XIV"); a breach of contract claim by Mr. Garaghty against Ms. Wüsthof ("Count XV"); a wrongful discharge claim by Mr. Garaghty against Ms. Wüsthof under state common law ("Count XVI"); and a retaliation claim under the Equal Pay Act by Mr. and Ms. Garaghty against all Defendants ("Count XVII"). *Id.*

On August 4, 2021, Viola Wüsthof renewed her motion to dismiss for failure to state a claim upon which relief can be granted as to Counts V, XI, and XII against her individually. *See* Viola Wüsthof Mot. to Dismiss. Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof did not join the motion. *See id.*

On the same day, Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof also renewed their motion to dismiss or, in the alternative, to stay the litigation under the *Colorado River* abstention doctrine. *See* Mot. to Dismiss or Stay. As with the earlier version of this motion filed in March of 2021, Ms. Wüsthof did not join. *Id.*

On August 25, 2021, Plaintiffs renewed their opposition to both motions. *See* Pl.'s [*sic*] Opp'n to Defs.' Rule 12(b)(6) Mot. to Dismiss, ECF No. 31 (Aug. 25, 2021) ("Mot. to Dismiss

Opp'n"); Pls.' Opp'n to the Def. Mot. to Dismiss or Stay the Third Am. Compl., ECF No. 32 (Aug. 25, 2021) ("Mot. to Dismiss or Stay Opp'n")

I. **STANDARD OF REVIEW**

A. **Rule 12(b)(1)**

A district court may not entertain a case where it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). Generally, the plaintiff bears the burden to prove, by a preponderance of the evidence, that the court has subject matter jurisdiction over its claims. *Makarova*, 201 F.3d at 113. This burden is met "as long as [the] complaint states a colorable federal claim." *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (citation omitted). When reviewing a motion to dismiss under Rule 12(b)(1), "a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). The court, however, also must refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).

B. **Rule 12(b)(6)**

A district court also may dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level" and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

## II.   DISCUSSION

### A.  Abstention

In *Colorado River Water Conservation District v. United States*, the Supreme Court held that it may be appropriate in some cases for federal courts to abstain from deciding cases based on "principles . . . which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." 424 U.S. 800, 817 (1976). "[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 117–18 (2d Cir. 1998) (citation omitted). However, "[t]he mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988) (quoting *Colorado River*, 424 U.S. at 816). For concurrent proceedings to be considered "parallel," "[p]erfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014) (citation omitted); *see also Cuomo*, 854 F.2d at 602

7

(noting that "only the clearest of justifications will warrant dismissal" under the *Colorado River* abstention doctrine (citation omitted)).

Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof argue that the case as a whole should be dismissed, or, in the alternative, stayed, based on the *Colorado River* abstention doctrine. *See* Mot. to Dismiss or Stay.

The Court disagrees.

Here, the two legal actions at issue are not "parallel" for purposes of the abstention doctrine. The Second Circuit has held that, "[i]n determining whether there are 'extraordinary circumstances' warranting abstention, an important factor to be considered is whether the state court has broad and comprehensive concurrent jurisdiction to adjudicate the claims asserted in the federal action. If not, abstention might only serve to encourage piecemeal adjudication of the issues raised in the federal suit." *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62 (2d Cir. 1986) ("Absent broad state court jurisdiction that would enable the state court to dispose of the entire matter, including the issues before the federal court, abstention could hardly be justified on grounds of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" (quoting *Colorado River*, 424 U.S. at 817)). Here, the state court action initiated by Plaintiffs against Defendants will not dispose of the Title VII and Equal Pay Act claims brought in the Third Amended Complaint. Rather, the jurisdiction of the state court is limited only to those state law claims that Mr. and Ms. Garaghty brought in that forum.[7]

---

[7] The Court notes that, even if Plaintiffs could have brought their Title VII claims in state court, they were entitled to bring them in federal court, and, accordingly, adjudication of those claims is proper here, regardless of whether the claims are parallel. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 525 (2d Cir. 2001) (finding error in district court's abstention under *Colorado River* abstention doctrine where, "[a]lthough plaintiffs . . . could have brought their Title VII . . . claims in state court, they plainly were entitled to bring them in federal court" (internal citations omitted)).

Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof therefore have not established that the concurrent federal and state proceedings in this case are "parallel" for purposes of abstention. *See Cuomo*, 854 F.2d at 603 ("Under the *Colorado River* doctrine, the nature of the inquiry is not whether there are reasons to exercise federal jurisdiction, but rather whether exceptional circumstances exist which justify dismissal in deference to a pending state court proceeding." (citation omitted)); *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006) ("Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction."). "If a court finds that the federal and state cases are not parallel, *Colorado River* abstention does not apply . . . ." *Mazuma*, 1 F. Supp. 3d at 20 (internal citation and quotation marks omitted).

Accordingly, the motion to dismiss, or, in the alternative, to stay the proceedings under the *Colorado River* abstention doctrine pending resolution of the Superior Court Action will be denied.

### B. Failure to State a Claim

Additionally, Ms. Wüsthof asserts that the Third Amended Complaint should be dismissed in part for failure to state a claim upon which relief can be granted as to the state law claims against her individually under CUTPA and common law tortious interference. *See* Viola Wüsthof Mot. to Dismiss.

The Court disagrees.

A motion to dismiss these same claims currently is pending in state court, following briefing and oral argument, in the Superior Court Action. *See* Mem. of Law in Supp. of Defs.' Mot. to Strike, No. 110.00, *Annette Garaghty and Michael Garaghty v. Harald Wüsthof, Wüsthof*

9

*USA, Inc., and Wüsthof-Trident of America, Inc.*, No. FST-CV20-6048500-S (Conn. Super. Ct. Feb. 4, 2021) (motion to dismiss CUTPA and tortious interference claims in Superior Court Action). Although Ms. Wüsthof is not a defendant in that state court action, Plaintiffs have moved to dismiss the state law CUTPA and tortious interference claims against Wüsthof USA, Inc., Wüsthof-Trident of America, Inc., and Harald Wüsthof in the Superior Court Action on the same legal theories presented here. *Compare id.* at 5–10 (moving to dismiss CUTPA claim because it fails to allege conduct constituting "trade or commerce" and tortious interference claim because it is "speculative"), *with* Mem. of Law in Supp. of Rule 12(b)(6) Mot. to Dismiss at 9–11, 13–15, ECF No. 21-1 (June 22, 2021) (moving to dismiss CUTPA claim because it fails to allege conduct constituting "trade or commerce" and tortious interference claim because it is "speculative").[8]

In order to preserve judicial economy, as well as to ensure consistency among the ruling on this motion in state court and the ongoing proceedings here, the Court will, consistent with its "inherent authority" to manage its docket with a "view toward the efficient and expedient resolution of cases", *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), deny Ms. Wüsthof's motion to dismiss without prejudice to renewal, following resolution of the pending motion to dismiss on these same legal theories in the Superior Court Action.

Accordingly, the motion to dismiss Plaintiffs' CUTPA and tortious interference claims will be denied.

---

[8] The arguments in this motion to dismiss are renewed in the motion for partial dismissal at issue here. *See* Viola Wüsthof Mot. to Dismiss.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss, or, in the alternative, to stay the proceedings under the *Colorado River* abstention doctrine pending resolution of a parallel state court matter is **DENIED**.

The motion to dismiss Plaintiffs' CUTPA and tortious interference claims also is **DENIED**. The Court dismisses this motion without prejudice to renewal, following resolution of a pending motion to dismiss on these same legal theories in the Superior Court Action.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of February, 2022.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge